## Petersburg Coal Company v. Bishop.

(Decided January 30, 1914.)

## Appeal from Hopkins Circuit Court.

1. Pleading—Contracts—Motion to Make More Specific—Error.— Where a petition pleading a contract is too general, error of the court in refusing to require plaintiff to make the petition more specific is not prejudicial where the precise terms of the contract as contended for by each party are developed by the evidence and the instructions of the court are predicated on the contract as thus developed.

2. Contracts — Condition Precedent — Default—Reasonable Time— When Question of Law.—Where one contracts with another to construct a ditch and dam, and also an embankment in accordance with levels to be furnished by a railroad engineer, and three

weeks elapse while he is engaged in building the ditch and dam, and one week before he undertakes the work of building the embankment, and the person with whom the contract is made fails during that time to furnish the levels, and as a matter of fact has never furnished the levels at the time the suit is brought, about two years after, he is as a matter of law guilty of a failure to furnish the levels within a reasonable time.

3.   Contracts—Failure to Complete—Measure of Recovery—Instructions—Error.—Where a party engages to construct for another a ditch and dam, and also an embankment according to certain levels which the defendant agrees to have a railroad engineer furnish, and the court authorizes a recovery of the whole contract price if only the ditch and dam were completed according to contract, the judgment will not be reversed on this ground where the uncontradicted evidence shows that the embankment was completed in substantial compliance with the contract, and it does not appear that the grading of the embankment according to the levels, if furnished, would involve any substantial expenditure of money.

TEAGUE & FRANKLIN for appellant.

GORDON & GORDON and COX for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Dabney Bishop, contracted with defendant, Petersburg Coal Company, to build a ditch and construct a dam and embankment at its mine in Hopkins County for the price of $250. Payment having been refused, plaintiff brought this action to recover the contract price. From a verdict and judgment in his favor, the defendant appeals.

Defendant operates a coal mine located on the Louisville & Nashville Railroad at Mannington, Kentucky. Dr. J. B. Sory is its president and general manager, and lives at Daniel Boone, about three miles distant. During the latter part of October, 1910, Sory, acting for defendant, contracted with plaintiff to cut a ditch changing the course of a small creek, and to put a dam in the creek at a point where the ditch began. Plaintiff was also to construct an embankment for a switch track. For this work defendant agreed to pay plaintiff the sum of $250. It was also provided in the contract that the embankment for the switch was to be constructed according to levels furnished by the engineer of the Louisville & Nashville Railroad Company. According to the evidence for plain-

tiff, the grade stakes were to be set as soon as the ditch and dam were completed. According to the evidence for defendant, they were to be set as soon as it could get the engineer of the railroad to do so. About three weeks after beginning the work the ditch and dam were com pleted. The grade stakes were not then set. Sory put plaintiff off from day to day, claiming that he could not get the engineer to do the work. After waiting for one week, plaintiff, whose hands and teams had in the mean-time been idle, began the work of constructing the em-bankment, and finished it a few days later. He then de-manded his money of defendant, and defendant refused to pay him on the ground that the embankment was not constructed according to levels furnished by the engi-neer of the railroad. Defendant did not thereafter have the grade stakes set, nor have they ever been set.

After it developed that the grade stakes had never been set, the trial court told the jury to disregard all evi-dence with reference to grade stakes, and to find for plaintiff if they believed the ditch and dam had been con-structed in accordance with the contract.

The first error relied on is the failure of the trial court to require plaintiff to make his petition more specific. In this connection our attention is called to the fact that the petition merely alleges that plaintiff agreed and un-dertook to do and perform certain work and labor in building and making a railroad embankment and dam, and in the excavating of a certain ditch near defendant's coal mine, without showing the size of the ditch, the kind of the dam or the specifications for the embankment. It is insisted that these are essential and material parts of the contract, and should have been pleaded in order for the court to determine whether or not the contract had been breached. Even if this be true, we cannot see how defendant was prejudiced by the action of the trial court in overruling the motion. There were only four wit-nesses present when the contract was made. All of these witnesses testified, and on completion of their testimony the precise terms of the contract as contended for by each party were fully stated to the jury. Not only so, but the instructions of the court were predicated on the contract as developed by the evidence.

It is also insisted that as there was only a delay of one week between the completion of the ditch and dam

and the commencement of the construction of the embankment, the question whether or not there was an unreasonable delay in having the engineer set the grade stakes should have been submitted to the jury. If this were the only delay involved there might be some merit in defendant's contention. As a matter of fact, however, defendant had about three week's time, while the ditch and the dam were being constructed, in which to arrange to have the grade stakes set. They were not set on the completion of the ditch and dam, nor during the week that elapsed after their completion. In addition to this delay, defendant failed to furnish the levels during the several days that plaintiff was engaged in constructing the dam. Not only so, but the grade stakes had not been set even at the time of the trial, which occurred about two years after the completion of the work. Under these circumstances the court did not err in holding as a matter of law that defendant failed within a reasonable time to have the grade stakes set.

A reversal is also asked because the court authorized a recovery of the full contract price if only the ditch and dam were built according to contract, whereas plaintiff was entitled to recover only the contract price, less the reasonable cost of completing the work. While this may be true, the uncontradicted evidence shows that the embankment was built on a level with the surrounding land, and in substantial compliance with the contract. It not appearing that the grading of the embankment according to the required levels, even if they had been furnished, would involve any substantial outlay, we are not disposed to reverse the case on the ground that the plaintiff recovered more than he should have recovered.

Judgment affirmed.